## JONAH BROWN *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Evidence.*

   Statements made to the accused by one fatally wounded, charging him with having inflicted the wound, are inadmissible, when they were at once denied by the accused, the same not being dying declarations, and constituting no part of the *res gestæ* of the homicide.

2. SAME.

   The answers given by the accused, indicted for murder, to the deceased, after the conflict, but before death ensues, in response to charges of guilt, should be excluded from the jury when not admissible as confessions.

FROM the circuit court of Harrison county.

HON. THADDEUS A. WOOD, Judge.

Brown, the appellant, was indicted for the murder of one Harden, convicted of manslaughter, and appealed to the supreme court. The facts are stated in the opinion of the court.

*W. H. Maybin*, for appellant.

The admission of the testimony of witnesses, Seal and Duckworth, over appellant's objection, was error. The statements of the decedent certainly were no part of the *res gestœ* of the homicide; they were made several hours after the conflict and were narratives of past events. They could not be introduced as dying declarations, for there was nothing to show that the declarant was under a sense of impending death. The statements themselves absolutely negatived the idea. The defendant's statements were not confessions, but denials of guilt. *Peak* v. *State*, 50 N. J. L., 222; *Digby* v. *People*, 113 Ill., 125.

*Monroe McClurg*, attorney-general, for appellee.

Appellant was so clearly and manifestly guilty of manslaughter, if not of murder, that he ought to rejoice at the result reached in the court below. The jury could not have been more merciful, and would have been well warranted, from the evidence, in convicting of murder. The instructions were all correct, and gave the law most liberally for appellant. The case was made out without the testimony of witnesses Duckworth and Seal, and the conviction ought not to be reversed.

TERRAL, J., delivered the opinion of the court.

Jonah Brown, with two others, was indicted in the circuit court of Harrison county for the murder of Syd Harden, and being separately tried for said offense, was convicted of manslaughter. Upon his trial threats made by him against the life of Harden were given in evidence. In addition to the threats, Susan Camp testified that she lived in the immediate neighborhood of the homicide, and that she heard three shots fired, and that they (meaning, of course, more than one) passed in front of her gate, when she heard the defendant say, "Did you see that nigger jump when I shot him?"

Judge Seal and Officer Duckworth were severally put upon

the stand, and each testified before the court and jury that having arrested the defendant, they carried him to the house where Harden was lying wounded and asked him if he knew Brown, when Harden accused Brown of shooting him and of shooting him for nothing, and that Brown denied the accusation.

Brown was shot in the evening, about dusk, or between seven and eight o'clock, and Officer Duckworth and Justice of the Peace Seal, according to the evidence of Duckworth, had this interview with Harden in the presence of Brown, about half an hour or three-quarters of an hour after the shooting of Harden. After midnight Dr. Leger visited Harden, and he died some two or three hours thereafter. The evidence of Judge Seal and of Officer Duckworth was evidently made much of by the prosecution, and it contributed very materially, perhaps, to the conviction of the defendant. It is difficult for us to see upon what ground this evidence was admitted. It is no part of the *res gestae*, because the tragedy was entirely over and this house of mirth was fast becoming the house of death. It was a past transaction, and every relation of it was of the past event.

It is not a part of the *res gestæ*, nor was it admissible as a dying declaration, because there was no evidence that Harden had a consciousness of impending death. It is not pretended to be a dying declaration. Indeed, the gross irreverence and blasphemy of the words used by Harden against Brown, and denied by Brown, was such that it is impossible to suppose that Harden had any conscious sense of the presence of the great I Am, and, without such consciousness, it was wanting in all the elements that sanction its admissibility and weight as evidence. If what Harden said to Brown is admissible at all in evidence, it is admissible as tending to show a confession. But how it is admissible as so tending, we are at as great a loss to see as we are to see how it was admissible as a part of the *res gestæ* or as a dying declaration.

" If A, when in B's presence and hearing, makes statements which B listens to in silence, interposing no objections, A's

statements may be put in evidence against B whenever B's silence is of such a nature as to lead to the inference of assent." Wharton's Crim. Ev., sec. 678; *Kendrick* v. *State,* 55 Miss., 436. But here there is no assent to the charge made by Harden. On the contrary, the defendant denied the charge as soon as made. It is impossible to torture what passed between Harden and Brown before Judge Seal and Officer Duckworth as an admission of guilt on the part of Brown. It should have been excluded.

*The judgment of the circuit court is reversed, and the case is remanded for a new trial.*