THOMAS JOHNSON *v.* STATE OF MISSISSIPPI.

[43 South., 435.]

CRIMINAL LAW AND PROCEDURE. *Evidence. Admissions.*

In a prosecution for homicide the statement of the decedent, being neither a part of the *res gestæ* nor a dying declaration, although made shortly after the fatal encounter and in the hearing of the defendant, is not admissible in evidence if defendant did not assent to it by silence or otherwise.

FROM the circuit court of Bolivar county.

HON. SIDNEY M. SMITH, Judge.

Johnson, the appellant, was indicted and tried for murder, was convicted of manslaughter, sentenced to the penitentiary, and appealed to the supreme court.

The admission in evidence of a statement made by Jackson, the decedent, in defendant's presence shortly after the fatal encounter and before he died, as to who was the aggressor in the

difficulty was the principal point in the case; state's witnesses, over objection of defendant, were permitted to testify in the trial court that immediately after the difficulty Jackson stated to them in the presence of the defendant, that defendant put the light out and fired the first shot, which statement was at the time denied by defendant, who stated, in the presence of Jackson, that Jackson had put the light out and fired the first shot.    The case was once before in the supreme court.    *Johnson* v. *State* (Miss.), 42 South., 166.

*Harper & Potter,* for appellant.

*R. V. Fletcher,* assistant attorney-general, for appellee.

[The briefs of counsel were lost or withdrawn from the record before it reached the Reporter.]

CALHOON, J., delivered the opinion of the court.

The statement of Jackson, just before his death, was not part of the *res gestæ,* nor a dying declaration.    It was a mere narrative of past events.    Its admissibility is not even plausibly suggestible, except on the basis that it was made in Johnson's presence, undenied.    But he did deny its crucial statements, and so it became hearsay, pure and simple, and should not have been admitted.    An examination of the authorities in both briefs shows that such may be received only when heard in silence.    Then it may go to the jury with such weight as they may give to the fact of silence, in view of the situation, the condition of the accused, and all the surroundings.    But here there was denial.    *Brown* v. *State,* 78 Miss., 637, 29 South., 519, 84 Am. St. Rep., 641.

*Reversed and remanded.*