THELMA COLLINS *v.* STATE.

[54 South. 666.]

1. CRIMINAL LAW. *Remarks of district attorney. Improper evidence.*

Where the district attorney in a prosecution for selling intoxicating liquor referred to the house of accused as a low dive where whiskey and beer was, and where girls stayed and men visited, and said you know what that means; and upon objection to such remarks the court stated, "very well, I think the evidence substantiates that," and admitted evidence tending to show these facts. The conduct and remarks of the district attorney as approved by the court and the error in admitting such evidence prevented accused from having a fair trial.

2. IMPROPER EVIDENCE.

In a trial for the illegal sale of intoxicating liquors, it is improper to allow evidence tending to show that accused kept a bawdy house; such testimony is foreign to the issue being tried.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Thelma Collins was convicted of the illegal sale of liquors and appeals.

The facts are fully stated in the opinion of the court.

*Bullard & Gavin,* for appellant.

The district attorney in his argument referred to the house of the defendant as a low dive where whiskey and beer are kept, where girls stayed and where men visited, and added "You know what the means." Means what? That it has any tendency to prove that she sold Charles Jacobson whiskey? He meant for the jury to infer just what he had said, that her home was a low dive, etc., and it was an invitation to them to convict her because as he said she was the keeper of a low dive, and we defy the district attorney to point to one syllable of the compe-

tent evidence that proves it, even if it had been a rele-vant inquiry. Surely a conviction will never be allowed to stand when secured by such passionate appeals as this.

But we apprehend that the most glaring error in the record is the remark of the court in reply to the defend-ant's exception to the argument of the district attorney. When the defendant objected the court said: "Very well, I think the evidence substantiates that." Substantiates what? Substantiates the statement that the defendant's home is a low dive where whiskey and beer are kept, where girls stayed and where men visited. If that evi-dence was improper the defendant's objections ought to have been sustained, if not, the court ought to have left the jury freely to weigh it without expressing his con-viction that it was proved, and if there is no evidence one way or the other, it is still worse for the court to say that a fact has been proved upon which there is no evidence. It seems to us that a bare statement of it is enough to show its impropriety. The defendant had bur-den enough to carry to the jury without being loaded down with the passionate appeal of the district attor-ney, endorsed by the court together with the statement that the evidence proves it. The books, as the court knows, contains numerous authorities in condemnation of such remarks by the court on the evidence, but the latest case in this state seems to be the case of *Sivly* v. *Sivly,* 51 So. R. 457.

*Jas. R. McDowell,* assistant attorney-general, for ap-pellee.

It is argued that the court erred in permitting the dis-trict attorney to refer to the home of appellant as a low dive where whiskey and beer were kept and girls stayed and men visited.

I submit, that the record sufficiently shows that the house was a low dive kept by a negro woman, where girls

stayed and whiskey and beer were kept, and men visited, for it is in evidence that a great many of them did visit. Several witnesses admitted it themselves. It seems to have been the lowest kind of dive, and it could not have harmed the defendant to have it referred to as such when the record shows plainly that it was.

Likewise, the remarks of the trial judge, when asked to reprimand the district attorney for using such language, could not have harmed the case. The court was not commenting upon the weight of the testimony; he simply advised counsel that the district attorney's comments were within the record, and, therefore, not objectionable.

ANDERSON, J., delivered the opinion of the court.

The appellant was convicted of the unlawful sale of intoxicating liquors, and appeals to this court.

The witness Floyd Holifield, introduced on behalf of appellant, on cross-examination by the district attorney, over the objection of appellant, testified as follows: "Q. She (meaning appellant) keeps some yellow woman with her. Who do you generally see there? I don't mean the names. Do you see white men, or who do you see down there? A. I don't remember who all I have seen down there. Q. I don't mean for you to give me their names. A. I do see white men there. Q. Frequently? A. Not very often. Q. Most every time you go there. Now, what do you go down there for? A. Just bruising around; looking around; walking around. Q. Do you bruise around there in the house? You don't know what all those men go there for, whether they go there to buy whiskey or not? A. No, sir; I don't know." And while appellant was testifying in her own behalf, the district attorney, over the objection of her attorney, was permitted to ask her this question: "Q. Now, as a matter of fact, isn't it true that you have had two or three girls in your house living with you?" In his opening argu-

ment to the jury, the district attorney "referred to the house of the defendant as a low dive, where whiskey and beer was, where girls stayed and men visited, and said, 'You know what that means.' " Appellant's attorney objected to these remarks for the appellant, in response to which the court said "Very well; I think the evidence substantiates that."

The testimony as to appellant's guilt is conflicting. Whether guilty or innocent, she was entitled to a fair and impartial trial on testimony pertinent to the issue. This she did not get. It would be hard to conceive of conduct on the part of the court, and of the district attorney, with the approval of the court, more prejudicial to the rights of a defendant being tried for crime than is disclosed by the record in this case. You have here the court admitting testimony against the appellant tending to establish that she was the keeper of a bawdy house —testimony foreign to the issue being tried. You have the district attorney, in his argument to the jury, using that testimony against the appellant with its full prejudicial effect; and, when such argument is objected to by appellant's attorney, you have the judge stating, in the presence of the jury, in substance, that appellant kept a bawdy house.                    *Reversed and remanded.*