ROBERT PAGE v. STATE.

[62 South. 360.]

CRIMINAL LAW. *Evidence. Other offenses. Admissibility. Code* 1906, *section* 1762.

Where a defendant is tried on the charge of acting as agent for the sale of intoxicating liquors, it is reversible error to allow the state to prove that defendant had acted as such agent at other times. Code 1906, section 1762, authorizing the state on a trial for a violation of the law by the sale of liquor, to prove more than one offense occurring anterior to the time laid in the indictment, has no application where the charge is for acting as agent for such sale.

APPEAL from the circuit court of Claiborne county.
HON. H. C. MOUNGER, Judge.

Robert Page was convicted of acting as agent for the sale of intoxicating liquors and appeals.

The facts were fully stated in the opinion of the court.

*R. B. Anderson,* for appellant.

The court declined to require the state to elect upon which transaction it would prosecute, time and again. Evidence of several transactions was admitted over the earnest objection of defendant; and even though the court should hold that in a prosecution for acting as agent testimony as to more than one transaction may be offered, it surely was within the rights of defendant to insist that the state make an election.

After defendant filed his plea, the records shows that the stenographer noted, "Issue in short, by consent." This was the state's replication.

If it is the law that the state had a right to offer testimony as to more than one transaction, then the former acquittal is barred. The punishment and persecution to which this man has been subjected must appeal to the court's sense of justice. The record is replete with instances of error, and I respectfully maintain that he should be discharged.

*Frank Johnston,* assistant attorney-general, for the state.

I will briefly notice the objections presented in the demurrer to the indictment. The indictment contains a sufficiently specific charge of the offense. It is true that it does not state specifically the facts creating the agency nor was this necessary. There was no formal agency in the matter. There was no special contract of agency in this as there never is in this class of cases. These witnesses for the state simply stated that, at their request, the defendant bought this liquor for them on several occasions stated in their testimony. There was nothing, therefore, to charge in the indictment except the fact that the defendant purchased this liquor as an agent for the buyers. The time of the offense is given in the indictment. The venue is clearly stated and there is nothing in the record to show that the defendant's inter-

ests were prejudiced by the lack of more specific aver-ments in the indictment. Certainly, there appears on the face of the indictment enough to inform the defend-ant clearly of the offense that he was called upon to an-swer. I will add the suggestion further that it is never required in indictment of this character that the precise terms of the agency are to be set out in the indictment. It is immaterial what are the terms of the agreement in regard to the matter provided the essential fact is shown that a defendant acted, in the language of the statute, "either as agent or assistant of either the seller or the purchaser in effecting the sale of the liquor." The word, "agent" might have been dispensed with, and it is not necessary even to use the word "assistant," if other words carried the same idea that the defendant acted in the purchase of the liquor for the buyers and not him-self.

In the case of *State* v. *Simmons,* 17 So. 372, it was ex-pressly held by the court that an indictment charging a defendant with acting as agent of the buyer in the sale of liquor need not set out the name of the seller. In that case, the court held that an averment that the de-fendant acted as agent in effecting the sale is a sufficient averment that a sale was effected. It is true in that case the name of the purchaser was given and the name of the seller was omitted, but I respectfully submit that the same rule would apply to the omission from the in-dictment of either the seller or the purchaser of the liq-uor. I, therefore, respectfully submit that the judgment of the court should be affirmed.

Cook, J., delivered the opinion of the court.

Appellant was convicted for acting as the agent of the purchaser of whisky. Over the objections of appellant three or four witnesses were permitted to testify that appellant acted as agent for them in the purchase of whisky. The learned trial judge, no doubt, permitted

this evidence to go to the jury upon the theory that section 1762 of the Code of 1906 is applicable to this sort of case. In this we think he erred. This section is applicable only in cases where there is an unlawful *sale* of intoxicating liquors.

*Reversed and remanded.*