## STRIBLING *v.* STATE.

### [86 South. 897. No. 21396.]

1. INTOXICATING LIQUORS. *Conviction for manufacturing intoxicants not warranted if defendant merely consented thereto.*

   In a prosecution for feloniously manufacturing intoxicating liquors, an instruction which authorizes a conviction "if the jury believe from the evidence beyond a reasonable doubt that the defendant aided, assisted, abetted or knowingly consented to the making and distilling of intoxicating liquors" is erroneous.

2. CRIMINAL LAW. *Declaration by codefendant denied by defendant held inadmissible.*

   Evidence of a statement made by a codefendant in the presence of the accused, which statement was at the time denied by the defendant, is inadmissible.

APPEAL from circuit court of Tate county.

HON. E. D. DINKINS, Judge.

Jesse Stribling was convicted of feloniously manufacturing and distilling intoxicating liquors, and he appeals. Reversed and remanded.

*D. C. Lauderdale* for appellant.

The first error of which we complain was the admission by the court over the objection of the defendant of the testimony of Dr. Williams, that Mr. Powers when arrested stated that Stribling could tell him or show him where the still was, when defendant denied that he could do so. This testimony was clearly incompetent. It tended to show that defendant—Stribling—had knowledge of the whereabouts of the still and when this accusation was denied by defendant, its admission was error. In the case of *Garner* v. *State,* it was held that an accusation made against defendant and by him denied could not be ad-

mitted over objection of defendant and its admission was serious error. *Garner* v. *State,* 120 Miss. 744, 83 So. 83, *Brown* v. *State,* 78 Miss. 637, 29 So. 519. The denial of the statement made by Powers to Dr. Williams rendered it inadmissible. *Cain* v. *State,* 77 So. 453.

Not satisfied with the many errors already complained of the court in giving instruction No. 2 for the state committed what we consider the fatal error in the entire record. The jury were by this instruction told that the jury would convict if they believed from the evidence beyond a reasonable doubt that defendant "aided, assisted, abetted or knowingly consented."

When you consider this instruction with the testimony of Dr. Williams, who you will bear in mind was the sheriff of the county, and that of H. T. Dixon, the fatality of this error is more glaring. Here is the sheriff of the county testifying that defendant knew where the still was, and it was but a natural inference for the jury to draw that since he knew of the existence of the still, and had not reported this to the officers, that he had consented. We do not understand the rule to be that a man can be convicted, where he is charged with the commission of a crime, on mere proof that he "knowingly consented." Suppose A goes to B and tells him he has some whiskey that he wants to sell and thinks he can sell to C and he, B, says, "Well,if C wants it, go sell it to him," and he goes and sells it to him. Surely under no construction could B be convicted of selling whiskey, yet by this instruction they are told to convict if defendant "knowingly consented" to the manufacture of liquor.

We submit that on the record in this case taking it in its entirety that defendant has not had that fair and impartial trial which the constitution and laws of the state guarantees to a man charged with a crime.

We respectfully submit that this case should be reversed and remanded.

No brief found in the record for appellee.

W. H. COOK, delivered the opinion of the court.

The appellant, defendant below, was jointly indicted with one J. M. Powers "for feloniously manufacturing and distilling intoxicating liquors." A severance was granted and appellant was convicted, and from the judgment sentencing him to confinement in the penitentiary for one year, this appeal was prosecuted.

It is earnestly insisted that the evidence was insufficient to sustain a conviction, and that the peremptory instruction requested by defendant should have been granted. Without detailing any of the evidence, it is sufficient to say that the peremptory instruction was properly refused.

The court granted an instruction for the state which reads as follows:

"The court instructs the jury for the state that, if you believe from the evidence beyond a reasonable doubt that the defendant aided, assisted, abetted, or knowingly consented to the making and distilling of intoxicating liquors, it is your sworn duty to return a verdict of guilty as charged."

This instruction is erroneous. A person who is present, consenting to the commission of an offense, and who aids, abets, or encourages its commission, is guilty as a principal, but this instruction authorizes the conviction of the defendant if he merely consented to the manufacture of the intoxicating liquor. This is not the law, and the error in this instruction was not cured by any instruction granted the defendant.

Over the objection of appellant, Dr. Williams, the sheriff was permitted to testify that, after appellant and Powers, his codefendant, were arrested, Powers stated that the appellant knew where the still was located and could point it out to the sheriff, but appellant at once denied

all knowledge of the location of the still. The declaration or statement of the codefendant, Powers, which was at the time denied by defendant, was inadmissible. *Brown* v. *State,* 78 Miss. 637, 29 So. 519, 84 Am. St. Rep. 641; *Johnson* v. *State,* 90 Miss. 317, 43 So. 435; *Garner* v. *State,* 120 Miss. 744, 83 So. 83.

·For the errors herein indicated, this cause is reversed and remanded.

*Reversed and remanded.*