## LOWE *v.* STATE.

[90 South. 78. No. 22093.]

CRIMINAL LAW. *Evidence of other offense held not admissible in prosecution for keeping of liquor.*

On a trial for unlawfully having possession of intoxicating liquors, in violation of chapter 189, Laws of 1918, it was error to introduce in evidence the finding of liquors on a former occasion, constituting a separate and distinct offense. The provisions of section 1762, Code of 1906 (section 2098, Hemingway's Code), have no application to the mere keeping of liquor in violation of law.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Lillie B. Lowe was convicted of having intoxicating liquors in her possession, and she appeals. Reversed and remanded.

*Davis & Hill,* for appellant.

The action of the court in permitting the state to show that frequent raids had been made on appellant's home was wholly irrelevant and incompetent. It in no way tended to establish defendant's guilt, yet it was calculated to prejudice the defendant greatly before the jury and did no doubt have this effect for it served the purpose of bringing the defendant's character in issue which may not be done unless the defendant attempts to prove his or her good character. Likewise, testimony of the finding of empty bottles on her premises was irrelevant and incompetent. It did not tend in any way to establish her guilt of the offense for which she was being tried. In fact, it is no crime for one to have empty whisky bottles on one's premises. The *corpus delicti* of the offense of having whisky unlawfully in possession is composed of three elements; first, the finding of the whisky itself; second, in the accused's possession; and third, that it was unlawfully in his possession. An empty whisky bottle or many empty

whisky bottles does not even prove the first element of the *corpus delicti,* for no court in the land would permit a verdict to stand for a moment on the finding of empty whisky bottles alone.  The possession of a bottle of whisky itself on another occasion, or that the accused had been convicted therefor, would not be competent against one on trial for another offense, for it no way establishes the guilt of the accused of the offense for which he is being tried, but on the contrary imposes on the defendant the burden of establishing the non-existence of all three elements of the *corpus delicti,* or in the final analysis, the burden of proving his innocence.  If, then, the state may not prove that accused, on another occasion, was in possession of a bottle of whisky, on what theory is it permissible to prove that officers raided appellant's home frequently over a period of years and found empty whisky bottles there?    The general rule, in criminal cases, is, that evidence of a crime other than the one with which the accused is charged and for which he is being tried, is inadmissible, and if it be doubtful whether such evidence falls within any of the exceptions to the general rule, it should be excluded.  *Dabney* v. *State,* 82 Miss. 252, 33 So. 973.  But this court has many times held that in cases of this kind testimony of other crimes is not admissible.  See *Whitlock* v. *State,* 6 So. 237; *Collins* v. *State,* 54 So. 666; *Cook* v. *State,* 81 Miss. 146, 32 So. 312; *Smothers* v. *Jackson,* 92 Miss. 327, 45 So. 982; *Kearney* v. *State,* 68 Miss. 233, 8 So. 292; *Brown* v. *State,* 72 Miss. 997, 17 So. 278; *Slaydon* v. *State,* 102 Miss. 101, 50 So. 977; *Benoit* v. *Bay St. Louis,* 102 Miss. 218, 60 So. 137; *Cage* v. *State,* 105 Miss. 326, 62 So. 358, Code 1906, sec. 1762, authorizing the state on a trial for a violation of the law by the sale of liquor, to prove any one or more offenses of the same character committed prior to the day laid in the indictment and not barred by limitations, applies only in cases where there is an unlawful sale of liquor, and does not apply where one is charged with acting as agent of the buyer of liquor; and evidence that accused had acted for others as agent in the purchase of liquor is in-

admissible. *Page* v. *State,* 105 Miss. 536, 62 So. 360; *Collier* v. *State,* 106 Miss. 613, 64 So. 373; *Webb* v. *State,* 111 Miss. 419, 71 So. 738; *Neal* v. *State,* 101 Miss. 122, 57 So. 419; *Dedeaux* v. *State,* 87 So. 664. We respectfully submit, therefore, that the testimony in question was wholly incompetent, and manifestly prejudicial to appellant and should not have been introduced.

The court also erred in permitting the state to ask Bish Hampton, a defense witness, "how long he had sold whiskey." Witness testified that he had sold some whisky twelve or fifteen years ago, but the state had no right to interrogate the witness at all on this. It could go no further than to ask the witness about his convictions for crime. The court erred in granting the instruction for the state in the form it was. It should have included the word "knowingly" since appellant's defense was that she knew nothing of the whisky found in the ceiling. *Jackson* v. *Gordon,* 119 Miss. 325, 80 So. 785. It was also erroneous in failing to charge the jury that if the liquid in the kitchen was used for medicinal purposes, then possession thereof was not unlawful.

We respectfully submit that the motion for a new trial should have been granted. The state having been permitted to go into the appellant's life history, and prove facts which were manifestly irrelevant and incompetent, to her prejudice before the jury, the case should be reversed and remanded for a new trial.

*H. Cassidy Holden,* Special assistant attorney-general, for the state.

The appellant contends, first, that the court committed error in permitting the two witnesses to testify that on previous occasions they had found whisky and whisky bottles upon the premises of the defendant. In *Price* v. *Gulfport,* 97 Miss. 477, 52 So. 486, and in *Hand* v. *Gulfport,* 52 So. 487, it was held by this court that in a prosecution for having in possession intoxicants with intent un-

lawfully to sell them, evidence that accused was receiving liquor by freight, and that bottles, empty and filled, were found in his dwelling was admissible.

In *Pederee* v. *State,* 108 Miss. 653, 67 So. 152, the indictment was for selling intoxicating liquors. Evidence of several sales alleged to have been made prior to the date alleged in the indictment, was introduced. It was contended that the state should have been confined to one particular instance; but the court held that the defendant was rightfully convicted in the manner and form prescribed by the law of the land. Section 1762, Code of 1906 (sec. 2098, Hemingway's Code), is not mentioned in this opinion.

Section 1762 just referred to provides that on trial of all prosecutions for the violation of law by the sale or giving away of liquor, the state shall not be confined to the proof of a single violation, but may give evidence of any one or more offenses of the same character committed anterior to the date laid in the indictment or affidavit and not barred by the statute of limitations.

In *Page* v. *State,* 105 Miss. 536, 62 So. 360, this court held that this statute applies only in cases where there is an unlawful sale of intoxicating liquors. I take it, therefore, that this statute does not apply in cases involving the unlawful possession of intoxicating liquors. On a trial for the latter offense evidence of previous offenses of the same character committed anterior to the date laid in the indictment or in the affidavit would not be permitted under this statute. But such evidence may be permitted without reference to this statute. It may be admissible under the general rules of evidence.

In *Pederee* v. *State, supra,* the court refused to reverse where it was shown that evidence of prior sales had been admitted in the court below, and the court made no reference to the above-mentioned statute, but held, in effect, that this evidence was admissible under the general rules of evidence.

It will be noted that the state was not allowed to present any testimony regarding previous convictions of the de-

fendant in this case, but was only allowed to introduce testimony showing that whisky and whisky bottles had been found in the house and on the premises of the defendant on several occasions prior to the time set forth in the affidavit. The general rule of evidence concerning the admission of testimony relative to previous offenses committed by the defendant in a criminal case, is laid down in *King* v. *State,* 66 Miss. 502, 6 So. 188; *Gassenheimer* v. *State,* 52 Ala. 313; *State* v. *Crimmins,* 31 Kan. 376, 2 Pac. 574; *Lebkovitz* v. *State,* 113 Ind. 26, 14 N. E. 363, 597, and the authorities there cited. The rule is stated in substantially the same terms in 16 C. J., at page 586.

It is respectfully submitted that the court committed no error in admitting the testimony of the constable and deputy sheriff that they had on several occasions previous to the time laid in the affidavit searched the house and premises of the defendant and found in each instance either whisky or empty whisky bottles, or both. This evidence was admissible to prove the habit and custom of the defendant and to identify her with the crime charged. It was legitimate evidence tending to show that she was in the habit of keeping intoxicating liquor about her premises, and constituted a strong circumstance indicative of guilt.

The appellant also contends that the court erred in permitting the state to ask Bish Hampton, a defense witness, how long he had sold whisky. This question was asked on cross-examination by way of impeachment of the credibility of the witness. It was a legitimate question tending to discredit the testimony of this witness. It brought out the fact that he had engaged in the same business with which defendant was charged, and for that reason was probably biased in his testimony.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was tried and convicted of having intoxicating liquors in her possession, and sentenced to fine and imprisonment, from which she prosecutes this appeal.

The witnesses for the state, who were officers of the law, testified to searching the residence of the appellant and finding one bottle of white grain whisky and two bottles of colored alcohol, which they claimed was colored to disguise its being intoxicating liquor. They searched the house in the absence of the appellant, and found the bottle of white liquor concealed in the trapdoor overhead in one of the rooms, which the officers testified was the room occupied by the appellant. The appellant denied occupying the room, and denied knowledge of the liquor being there, and claimed that the colored bottles of liquid were a preparation given her by a root and herb doctor to use as medicine, and that she did not know it was alcohol, or, rather, denied that it was alcohol. She produced several witnesses, who corroborated her to the extent that the room in question was occupied by other persons than herself. The state also introduced evidence that the residence had been searched on several other occasions and empty bottles found there, and on one occasion of a former search a bottle of whisky was found in the possession of the appellant. The appellant objected to this evidence of other searches, and of the finding of empty bottles, and of the former raid and finding of intoxicating liquors, of which she had been convicted, which objections were overruled.

Under section 1762, Code of 1906 (section 2098, Hemingway's Code), it was competent, on the trial for selling liquor, to introduce more than one offense in evidence; but in such case a conviction or acquittal would bar the trial on all offenses antedating the indictment but that statute does not warrant the introduction of other and distinct violations of the law on a trial of this kind. *Page v. State,* 105 Miss. 536, 62 So. 360; *Collins v. State,* 99 Miss. 52, 54 So. 666; *Cook v. State,* 81 Miss. 146, 32 So. 312; *Smothers v. Jackson,* 92 Miss. 327, 45 So. 982; *Kearney v. State,* 68 Miss. 233, 8 So. 292, and numerous other cases.

It is contended for the state that, while this evidence was not admissible under section 1762 of the Code, it was admissible under the general principles applicable to show

guilt by the commission of similar offenses. We do not think this principle can be applied to cases of this kind. The principle is fully and elaborately discussed in *King* v. *State,* 66 Miss. 502, 6 So. 188.

For the error indicated, the conviction and judgment must be reversed, and the case remanded.

*Reversed and remanded.*