STEPP *v.* STATE.

[95 South. 838. No. 23109.]

1. INTOXICATING LIQUORS. *Possession of home-made intoxicating wine through own fermentation for household purposes not prohibited.*
Under chapter 189, section 12, subd. 4, Laws 1918, possession of

home-made wine for domestic or household purposes is not pro-hibited, even though it is intoxicating through its own fermenta-tion.

2. INTOXICATING LIQUORS. *Whether intoxicating quality of home-made wine due to own fermentation or to added alcohol for jury.*

And where one possesses intoxicating home-made wine apparently containing a percentage of alcohol, it is a question of fact for the jury whether such intoxicating quality is due to its fermentation or to added alcohol.

APPEAL from circuit court of Pontotoc county.

HON. C. P. LONG, Judge.

George Stepp was convicted of the unlawful possession of intoxicating liquor, and he appeals. Reversed and remanded.

*Mitchell & Mitchell,* for appellant.

The question involved in this cause is the right of a person to have and possess home-made wine for household and domestic purposes. The testimony in the case is to the effect without contradiction that the liquors found in the possession of this appellant were home-made wines and that they were solely for such uses.

A brief history of the legislation on this particular subject is as follows: Section 1622, Code of 1892, gave the privilege of selling home-made wines without procuring a license therefor, under certain restrictions. This was amended by chapter 107, Laws of 1896, permitting such sales to be made by the executor or administrator of a deceased person; and as amended, these statutes were incorporated into the Code of 1906, section 1791. These statutes provided that such wine must be made from grapes grown by the maker.

Laws of 1908, chapter 113, being section 2113 of Hemingway's Code, changed the law in this particular and granted the privilege of making home-made wines for domestic or household uses without limiting it to any par-

ticular fruit from which it should be made—that is, it does not limit it to wine made from grapes grown by the maker. Chapter 103, Laws of 1916, subdivision 5, being section 2155, Hemingway's Code, provides the same and grants the further privilege of having and possessing such liquors. This was re-enacted in chapter 189, Laws of 1918, subdivision 4 of section 12, and this is the law to-day as no change has been made since 1918.

We therefore respectfully submit that the court erred in refusing the peremptory instruction to find the defendant not guilty; or at least should have given the instruction submitting such question to the decision of the jury.

We submit that the cause should be reversed and the defendant discharged.

*C. E. Dorroh,* assistant attorney-general, for the state.

Appellant's contention would be well taken if the wine had been home-made wine containing the natural percentage of alcohol. But from what was found in connection with the wine, no doubt led the jury to believe that it was not home-made wine alone, but that it contained a greater percentage of alcohol than is found in the ordinary home-made wine.

The liquor which the officers captured and which was introduced in evidence, according to the officer's testimony, contained quite a large percentage of alcohol. They also testified that the bottle introduced in evidence was the wine captured by them. Sheriff Blaylock drank some of the wine and in his opinion it was intoxicating.

Appellant's theory is that the wine was not intoxicating, and that if it was, some one must have added alcohol to it. Appellee cannot conceive of an officer of the law doing such to bring about the prosecution of an innocent man. Witnesses for appellant testified after tasting the wine that it was stronger than what they usually drank, and it is the same wine that the officers captured in the home of appellant. It was easy enough, too, for appellant

to pass around to his friends the wine which was not alcoholic. Appellee agrees with appellant in his contention as to the law, but the evidence shows that the wine was not the ordinary home-made wine but was wine or a similar drink containing a large percentage of alcohol and was intoxicating.

This was a matter to be passed upon by the jury and they believed that the liquor was intoxicating and by their verdict so said. Appellee is of the opinion that the court did not err in refusing the peremptory instruction, and the judgment should not be disturbed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a conviction on a charge of possessing intoxicating liquor. The main points presented for reversal are that a peremptory instruction should have been granted by the lower court discharging the defendant, and that it was error in the court to refuse an instruction for the appellant on the question of whether the intoxicating liquor involved was home-made wine or was other alcoholic liquor.

The facts shown by the state were that, when the sheriff and other prohibition officers went to the home of appellant they found several gallons of home-made wine, a five gallon stone jar full of raisins and grapes in the process of fermentation, and a keg containing about fifteen gallons of peaches chipped up in water with sugar on them. The officer testified that the wine was intoxicating, and, in his judgment, contained about twenty per cent. of alcohol. It is not clear, however, whether the wine had by its own fermentation produced this "kick" or whether distilled alcohol had been added to the wine, so as to increase its intoxicating effect. The appellant asked for a discharge on this state of facts, and he also asked for an instruction, which was refused, submitting the question of the jury as to whether the intoxication, if any, was due to the addition of alcohol, or was caused by fermentation.

The testimony of the defendant, corroborated by several other witnesses, was to the effect that the wine was home-made, for domestic and household purposes, and that whatever intoxicating effect it had was due to its own natural fermentation, and that no alcohol had been added to it so far as he knew.

A study of the history of our state prohibition laws enacted in the past thirty years reveals the fact that the manufacture and possession of home-made wine for domestic or household purposes has never been, and is not now, prohibited by law. See section 1622, Code of 1892; chapter 100, Laws of 1896; section 1791, Code of 1906; chapter 113, Laws of 1908; section 2113, Hemingway's Code; chapter 103, subd. 5, Laws of 1916, being section 2155, Hemingway's Code; chapter 189, section 12, subd. 4, Laws of 1918.

There being no law prohibiting the possession of home-made wine for domestic purposes, even though this home-made wine is intoxicating, the appellant should not have been found guilty in this case, unless the jury believed that the intoxicating quality of the wine was due to the addition of alcohol, and not due to the natural fermentation of the wine. But the lower court committed the error of refusing the appellant an instruction submitting this question to the jury; the court going upon the theory that, if the wine found in the possession of appellant was intoxicating, then he was guilty as charged under the law.

This proposition should have been submitted to the jury for their determination, and if they believed the wine was intoxicating on account of added alcohol, or other intoxicating liquor, then they should convict, but if they believe the wine was intoxicating on account only of natural fermentation of the grapes, then there should be an acquittal under the prohibition law of our state as it is now written.

For the error committed in refusing to grant the instruction complained of, the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*