PARKINSON *v.* STATE.*

(Division B.   Dec. 6, 1926.)

[110 So. 513.   No. 26062.]

1. CRIMINAL LAW. *Searches and seizures. Affidavit for search warrant, describing place as occupied by estate of deceased person, is not sufficient; evidence obtained by search, where affidavit for warrant described place as estate of deceased person, was inadmissible (Constitution 1890, section 23).*

   An affidavit for a search warrant, under section 23 of the state Constitution of 1890 is not sufficient where it only describes the place to be searched as being occupied by the estate of a named person who is then dead, and the evidence obtained by means of such affidavit and the warrant issued therein is inadmissible in evidence.

2. CRIMINAL LAW. *Intoxicating liquors. Conviction will not be reversed because of testimony obtained by illegal search, where defendant admits all facts derived therefrom; where defendant denied connection with liquor manufactured, rule that conviction will not be reversed for admitting testimony obtained by illegal search where defendant admits facts obtained therefrom is inapplicable; mere knowledge of manufacture of intoxicating liquor is not sufficient to sustain conviction as participant therein.*

   Where the state has introduced testimony obtained by an illegal search warrant, and the defendant takes the stand and admits all of the facts derived from such search, the case will not be reversed, but this rule does not apply where the defendant denied having any connection with the manufacture of liquor being manufactured, at the time the search warrant was served, by other persons. Mere knowledge of the fact of the manufacture of intoxicating liquor is not sufficient to sustain a conviction as a participant therein.

3. CRIMINAL LAW.  *After state introduces evidence of one offense of manufacturing liquor, introducing evidence of other offenses is error, notwithstanding statute; Hemingway's Code, section 2098, does not apply to prosecution for manufacturing intoxicating liquors.*

In a prosecution for the manufacture of intoxicating liquors, the state is limited to proving one offense, and it is error to introduce other offenses after the state has introduced evidence as to one offense. Section 1762 of the Code of 1906 (section 2098, Hemingway's Code), has no application to the prosecution for the manufacture of intoxicating liquors.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 93; p. 605, n. 16, 17; 17CJ, p. 324, n. 68; Intoxicating Liquors, 33CJ, p. 617, n. 63 New; p. 677, n. 15; Searches and Seizures, 35Cyc, p. 1266, n. 13; On admissibility of evidence obtained by illegal search and seizure, see annotation in 24 A. L. R. 1408; 32 A. L. R. 408; 41 A. L. R. 1145.

APPEAL from circuit court of Holmes county.

HON. S. F. DAVIS, Judge.

George Parkinson was convicted of manufacturing intoxicating liquor, and he appeals. Reversed and remanded.

*Boothe & Pepper,* and *J. A. Teat,* for appellant.

The affidavit authorizes only the issuance of a search warrant covering "the premises occupied by W. M. Parkinson, estate." The search warrant copying the description of the place to be searched, states "the residence, premises, automobile and all outhouses," no location given nor person in possession named in the command of the warrant.

In law and fact there is and was not at that time any such place as W. M. Parkinson estate or any such person as W. M. Parkinson, for evidence shows he had been dead for some years. Neither the affidavit nor the search warrant direct and authorize the officers to go upon the place formerly owned by W. M. Parkinson, or the place known as the W. M. Parkinson place or farm. The farm was not owned nor occupied by W. M. Parkinson estate

but was owned by George Parkinson and his mother and his sister, and occupied by George Parkinson and his mother as their home.

The court has stated so often and so clearly and con-. clusively that an affidavit for a search warrant and a warrant issued thereon must be clear, and specific as to the place to be searched, the thing to be seized, and the person arrested or apprehended, that we deem it but reiteration to call this court's attention again to the numerous decisions on these points, except by referring to a few of the most recent decisions which are controlling and decisive. *Powers* v. *State,* 86 So. 862, 124 Miss. 425; *Stribling* v. *State,* 86 So. 897, 124 Miss. 141; *Tucker* v. *State,* 90 So. 845; *Lowe* v. *State,* 90 So. 78, 127 Miss. 340 at 345; *King* v. *State,* 66 Miss. 502; *State* v. *Patterson,* 95 So. 96, 130 Miss. 680.

Of course, no premises were occupied by the W. M. Parkinson estate, for no such person or place existed; but assuming for the sake of argument that there was such a person as W. M. Parkinson estate violating or capable of violating the law against the manufacture of liquor, would this description of the place be sufficient? This court has answered this question and settled this point. *Rigmall* v. *State,* 98 So. 444, 134 Miss. 169; *Miller* v. *State,* 129 Miss. 774, 93 So. 26; *Owen* v. *State,* 98 So. 233; *Rignall* v. *State,* 98 So. 444, 134 Miss. 169; *Taylor* v. *State,* 98 So. 459; *Smith* v. *State,* 98 So. 344, 133 Miss. 730.

This appellant, of course, has a perfect right to object to the unlawful search of his farm, as was done in this case, and the knowledge and information obtained in finding and seizing the still to be used against him on a charge of manufacturing liquor. Section 23, Constitution of 1890; *Falkner* v. *State,* 96 So. 691.

A warrant which did not conform to affidavit nor authorize search of a particular place described therein is void. *Morton* v. *State,* 101 So. 379. Evidence obtained by means of search without valid warrant is inadmis-

sible. *Morton* v. *State,* 101 So. 379; *Helton* v. *State,* 101 So. 701; *Orick* v. *State,* 105 So. 465; *Comby* v. *State,* 106 So. 827; *Duckworth* v. *Town of Taylorsville,* 107 So. 666.

The affidavit and warrant in this case are in fact "John Doe" affidavit and warrant, for there was no such person living and known to be living as W. M. Parkinson and no such place as W. M. Parkinson estate. *Brewer* v. *State,* 107 So. 379. Where officers making illegal search of defendant's house testify, not only to finding still therein, but to acts and conduct of defendant during the search bearing materially on his guilt, this was not rendered harmless by his merely admitting the finding of the still, he denying the still was in his possession. *Nicaise* v. *State,* 106 So. 817.

The district attorney admitted the invalidity of the affidavit and the search warrant issued thereon, and attempted to make out his case by Roberts, found in possession of and operating the still, and by Robert's brother-in-law, Watkins, and his friend and, witness Bruce; but failing in this, he was forced to put McCalbe on the stand and he testified that he was on Parkinson's, appellant's, place by virtue of a search warrant and that he searched his residence, premises, outhouses and automobile thereunder.

It is insufficient to show that the defendant was merely present with other parties at the still when it was being operated. *Medlin* v. *State,* 108 So. 177. Appellant, Parkinson, admits that he went with witness Bruce on two occasions to look for a drink and they found Roberts in possession and operating the still on both occasions and they both took a drink and left Roberts in possession of and operating the still, but that he, Parkinson, had no connection with the ownership or operation of the still. This evidence was uncontradicted by Roberts.

The state refused to introduce either the affidavit for the search warrant or the search warrant; therefore, the

evidence should have been excluded. *Webb* v. *State,* 108 So. 442.

The case should be reversed and the defendant dis-charged.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

I.   The motion to quash the indictment was properly overruled; in fact, the court should not have heard testimony on this motion. *Blowe* v. *State,* 130 Miss. 112.

II.   The appellant was charged with manufacturing intoxicating liquor. The witnesses Bruce and Watkins testified that he went with them to the still where liquor was being manufactured and gave them drinks on various occasions. This testimony showed that appellant was exercising acts of ownership over the liquor at the still where same was made and at the time it was made, and these were circumstances showing that appellant had manufactured the liquor himself or that he had had it manufactured.

The appellant, a witness in his own behalf, in his direct examination admitted all of the facts testified to by these witnesses. Even though it was error to admit this testimony, the court below cannot be put in error for admitting the same, because there was no objection to this testimony except on the specific ground that the indictment was valid.

III.   We admit that the affidavit for search warrant and the warrant under which the search of appellant's premises was made were void. However, under the facts in the case at bar, this error was without harm to the defendant.

(1)   The appellant, a witness in his own behalf, testified to all the facts testified to by said officer. Not one word of his testimony conflicts with that of the officer.

*Blowe* v. *State,* 130 Miss. 113, is applicable. See, also, *Nicaise* v. *State,* 106 So. 817.

(2)  The testimony of the defendant alone conclusively shows that he was guilty. He received, used, and exercised acts of ownership over the unlawful products of said still. We submit that under these facts he was at least guilty of aiding and abetting in the manufacture of intoxicating liquor, and that under the law he was guilty as a principal. Section 751, Hemingway's Code; *Cole* v. *State,* 4 So. 577; *Dean* v. *State,* 85 Miss. 40; *Osburn* v. *State,* 99 Miss. 410; *Fleming* v. *State,* 108 So. 143; *Bailey* v. *State,* 108 So. 497; *Love* v. *State,* 108 So. 667.

The testimony of this appellant shows that he was an accessory before the fact; and, under the many decisions of this court, he was properly indicted and convicted as a principal.

Argued orally by *A. M. Pepper* and *J. A. Teat,* for appellant, and *J. A. Lauderdale* Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted for manufacturing intoxicating liquor, and sentenced to serve two years in the state penitentiary, from which judgment he appeals to this court.

The sheriff of the county made affidavit before a justice of the peace that he had reason to believe, and did believe, that intoxicating liquors were being manufactured, given away, or sold, in violation of the law, on the premises of the W. M. Parkinson estate, about seven miles east of Cruger in said county and state, and that this suspicion was not feigned of malice to the said W. M. Parkinson, but was founded on creditable information, and prayed for a search warrant, which was issued, reciting the affidavit and commanding the officers to diligent-

ly search the residence, premises, automobiles, and all outhouses, vessels, and appliances, etc. The search warrant was delivered to one of the deputies of the sheriff, who summoned two other deputies to go with him to the home of the appellant and serve the search warrant upon him, and while one of the deputies was searching the residence, automobile, and outhouses, the other two deputies went over the farm lands and woods of the W. M. Parkinson estate, and, in the woods, about one quarter of a mile from the residence of appellant, they found · white man by the name of Roberts and a negro in charge of a still which was being operated. The deputy who searched appellant's home found nothing therein contrary to law. The appellant was at home in bed sick, and this deputy, when he went back where the other deputies were and where they had found the still in operation, did not find the appellant there, but, nevertheless, he returned to the house and arrested the appellant.

An indictment was found against the appellant upon this testimony, and the district attorney made a deal with Roberts, who was also indicted, that if he would plead guilty and would testify against the appellant that he would let him off with a fine. Roberts was introduced as a witness against the appellant, and testified, over the objections of the appellant, to the operation of the still on several occasions. A brother-in-law of Roberts was introduced and testified that he had been to the still in company with the appellant, and that they drank liquor there, but he did not testify to any liquor being manufactured. The state then, over the objection of the appellant, introduced the deputy, who testified the facts above stated.

Roberts did not testify to any agreement or understanding between him and Parkinson which would make them joint operators of the still. Roberts also testified that he was a share cropper upon the premises of the appellant. The still was found upon the property of the appellant, not in an open field, but in the woods. At

the conclusion of the state's testimony, the appellant moved to exclude it on the ground that it was insufficient to make out a case against him, and on the ground that there was no proof to connect him with the operation of the still at the time the search was made, nor at any time, within the two-year period of the statute of limitations. This motion was overruled, and Parkinson and his wife testified for appellant, and, in appellant's testimony, he stated that Roberts was a tenant upon his place, and had moved the still upon his place about six months after he entered upon the premises, and that he knew Roberts had manufactured liquor, and that he had bought liquor from him, but strongly denied any participation in the manufacture of such liquor, and also testified that he had neither operated the still nor furnished any material or money for the operation thereof. His wife testified to his being at the house in bed sick at the time of the search, and that he was not, on said day, outside of the house, until arrested.

The attorney-general confesses that the search was illegal, being insufficient to comply with the law. He contends, however, that the evidence introduced was sufficient to sustain the conviction independent of the deputies' testimony and the judgment ought not to be reversed for the admission of such testimony, and also contends that the appellant having testified to the knowledge of Roberts having a still and manufacturing liquor upon his place brings the case within the rule announced in the case of *Blowe* v. *State,* 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429.

We do not think the principle announced in this case is applicable here. In that case an illegal search was made to locate stolen goods, and the stolen goods were found by means of illegal search, and such evidence was introduced, although the search warrant was void. Blowe testified in his own behalf and admitted the possession of the stolen goods, which, of course, constituted the

crime sought to be proved against him, his explanation not being satisfactory.

In the case at bar, the appellant did not admit nor testify that intoxicating liquor was being manufactured at the time of the search, and he was not present at the place where said liquor was being manufactured. This is not a charge of having possession of intoxicating liquors, but is a charge of manufacturing them, which is a distinct and separate crime. The appellant was not participating in the manufacture of liquors at that time, and the proof does not show, and he does not admit, that he was interested therein. Of course, if he had testified that he was manufacturing liquors, then the error would be harmless. However, the mere knowledge that whisky is being manufactured is not sufficient to convict one of the manufacture of it. *Powers* v. *State,* 124 Miss. 425, 86 So. 863; *Stribling* v. *State,* 124 Miss. 141, 86 So. 897.

The evidence was objectionable and inadmissible both because the search warrant was illegal, and the state had introduced evidence against appellant of manufacturing liquor on another occasion, and should have been confined to one offense. The manufacture of liquor is not covered or included in section 1762, Code of 1906 (section 2098, Hemingway's Code), but that section is limited to the sale, etc., of intoxicating liquors.

It has been held that more than one offense could not be introduced under this section in a prosecution for the possession of intoxicating liquors. *Lowe* v. *State,* 127 Miss. 340, 90 So. 78; *Cage* v. *State,* 105 Miss. 326, 62 So. 358; *Collins* v. *State,* 99 Miss. 52, 54 So. 666; *Cook* v. *State,* 81 Miss. 146, 32 So. 312; *Smothers* v. *City of Jackson,* 92 Miss. 327, 45 So. 982. In *King* v. *State,* 66 Miss. 502, 6 So. 188, prior to the passage of section 1762, Code of 1906, it was held that more than one offense was inadmissible; that the state must proceed until it establishes one offense, or has evidence tending so to do, and be confined to the offense so selected. At page 507 of 66 Miss.

(6 So. 189), *supra,* in discussing the question, the court said:

"The suggestion that appellant's conviction of either of the sales given in evidence in this case would operate as a bar against his being subsequently prosecuted for the others does not meet the objection made by him. He is not now looking out for barriers against other prosecutions, but is complaining of injustice being done in his present conviction. He claims that he ought not to have been convicted at all, and if his conviction has been reached by improper methods, it is no answer to say to him, that if his conviction is allowed to stand, he cannot be convicted of the other sales. . . . But what is of greater consequence to a defendant charged with a single offense, against whom evidence of numerous and different offenses has been admitted, is that, while he is entitled to have the concurring judgment of twelve men against him before he can be lawfully pronounced guilty of the offense with which he is charged, he may in such a case be convicted by a divided jury, or by a jury, no two members of which agree that he is guilty of the same offense. If there is evidence of two separate offenses, and the jury may convict of either, six of the jury may believe that the accused is guilty of the first, and not of the second, while the other six may believe that he is guilty of the second offense, and not of the first. The result would be that all of the jury would agree that he was guilty, without agreeing on the offense of which he was guilty. And if instead of testimony being produced to establish two distinct offenses, it shows twelve, it is possible, that one juror might be convinced that the defendant was guilty of some particular one of the offenses, and . . . all agree to a conviction, and yet no two jurors be agreed upon any one offense."

It seems to have been the idea of the district attorney, in the court below, that he could introduce the deputy sheriff and prove facts, without relying upon the illegal search warrant, for he stated, in the record, that he did

not intend to rely upon the search warrant. The search being illegal, as it is confessed, under the case of *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, the evidence obtained through the search was inadmissible, and where objection is made to its introduction, the search warrant must be produced, and must be a legal search warrant, before the evidence can be produced.

But it may be that the evidence was admitted here before the Act of 1924, chapter 244 section 3, was declared unconstitutional in the cases of *Orick* v. *State,* 140 Miss. 184, 105 So. 465, 41 A. L. R. 1129; and *Iupe* v. *State,* 140 Miss. 279, 105 So. 520.

If officers, undertaking to enforce the law, would conform to the rulings of this court, better results, less delay, and a great saving of expense would result.

Possibly a conviction in this case would be upheld had the state relied upon the evidence of Roberts as to the appellant's guilt.

For the error indicated, the judgment must be reversed and the case remanded for a new trial.

*Reversed and remanded.*