## HOLLIS v. STATE.*

(Division B.   Feb. 20, 1928.)

[115 So. 593.   No. 26638.]

INTOXICATING LIQUORS.   *Possession of parts of still held for jury.*
   In prosecution for possessing parts of a still, evidence of defendant's guilt *held* sufficient to go to jury.

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, p. 786, n. 52.

APPEAL from circuit court of Lee county.
HON. C. P. LONG, Judge.
Charley Hollis was convicted of possessing parts of a still, and he appeals.   Affirmed.

*Boggan & Leake,* for appellant.   ,

We understand the law to be that it is not only the duty of the state to prove that the defendant is in possession of the integral parts of a still that he is charged with being in possession of, but that it is necessary to show that he had actual, conscious knowledge of the fact that he was in possession of the same. *Medlin* v. *State,* 143 Miss. 856, 108 So. 172; *Powers* v. *State,* 124 Miss. 425, 86 So. 862; *Brazeale* v. *State,* 133 Miss. 171, 97 So. 525; *Harness* v. *State,* 130 Miss. 673, 97 So. 65; *Anderson* v. *State,* 132 Miss. 147, 96 So. 163; *Harrell* v. *State,* 148 Miss. 718, 112 So. 176.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

The testimony in this case is certainly sufficient to show that a still was possessed and had been operated on this property by somebody.   The only difficulty is to connect the defendant with the commission of the crime,

but even in this respect I submit that the testimony is sufficient. The defendant admitted that the barrel which the officers said smelled of mash and had corn meal in it belonged to him, but he insisted that the barrel was used only for a water barrel and had nothing in it when the officers came except rain water. Counsel rely on the case of *Medlin* v. *State*, 143 Miss. 856, 108 So. 172. That case on its facts is totally dissimilar from the case at bar. In that case there was nothing to show that the defendant was exercising any sort of possession or control over the still, there being a number of other parties present at the same time and to any one of whom the still might have belonged. In the case at bar the record shows that the defendant admitted the boiler and the mash barrel belonged to him and admitted that he had the key to the house in which it was kept and that he had locked the door.

ANDERSON, J. Appellant was indicted and convicted in the circuit court of Lee county of the crime of possessing parts of a still, and was sentenced to imprisonment in the penitentiary for the term of two years. From that judgment he prosecutes this appeal.

J. W. Francis, a deputy sheriff of Lee county, procured a search warrant to search the dwelling house and premises of the appellant. Pursuant to the authority conferred by the search warrant, Francis, with other officers of the county, searched the house and premises of appellant. There they found a quart fruit jar containing a small quantity of whisky. In an old log house situated at the rear of the residence, they found a fifty-pound lard can with its bottom blackened by smoke. This lard can had the smell of mash. In the fireplace of this house, the officers also found some brick with ashes around them. There was a trap door in the floor of the room which opened into an excavation in the ground under the floor into which mash appeared to have been poured. Under the eaves of the house, there was a bar-

rel smelling of mash, with small particles of meal clinging to its side. A short distance from the outhouse, under a pile of brush, was found a trough about five feet long, with a hole in each end of it, which appeared to have been recently used. At the time the search was made, appellant and his wife were living temporarily with the Harrington family. Neither of them was at home when the search was made. Appellant was found by the officers at the home of his brother-in-law, five miles away.

The evidence tended to show that, when the officers approached the appellant, he fled to avoid arrest; and, when arrested, there was found on his person a key which fitted the lock to the outhouse on his premises. Upon being questioned, appellant admitted that he had locked the outhouse with this key. There was also found at the house of appellant's brother-in-law, in a rain barrel, a top with a hole cut in it and a bucket placed over the hole, apparently to be used as a still cap. This top had mud daubed over it which corresponded with the mud daubed on the lard can found in the outhouse on appellant's premises. The indications were that the cap in the rain barrel had been there only a short time. The evidence for the state tended to show that the lard can, barrel, and trough constituted parts of a still for the manufacture of intoxicating liquors.

The appellant testified in his own behalf, denying guilt. He stated that the lard can was used by his wife for boiling clothes, and that she was using it temporarily until she could get an iron pot from her mother for that purpose. Appellant admitted that the barrel found belonged to him, but that it was used only for a rain barrel. He denied that the barrel, lard can, and trough were used for the purpose of making whisky.

Appellant contends that under the authority of *Medlin* v. *State,* 143 Miss. 756, 108 So. 177, the court should have directed a verdict of not guilty. It was held in that

case, under chapter 211, Laws of 1922, to sustain a conviction in a prosecution for possessing a still, it was necessary for the proof to show that the defendant either owned or had control of the still; that it was insufficient to merely show that he was present with other parties at the still while the still was being operated. This is no such case as that. The officers here found the component parts of a still on appellant's premises, some of which were in a room to which appellant carried the key. Appellant admitted on the witness stand that he had possession of the different parts of what the state undertook to show constituted a still used for the manufacture of intoxicating liquors. We think that the facts which the evidence tended to establish—namely, that the component parts of a still were found on appellant's premises; that the appellant knew they were there, and had conscious possession of them; that they had the appearance of having been used for the manufacture of intoxicating liquors; that appellant had a key which unlocked the door to an outhouse on his premises, in which part of the alleged still was found—and the further fact that, when the officers started to arrest the appellant, he fled to avoid arrest, were sufficient to go to a jury on the question of guilt, and this is not a case where the trial court should have directed a verdict of not guilty.

We find no harmful error of the court in the admission or rejection of testimony. It is apparent that the ruling of the court complained of by the appellant in that respect, if erroneous, could not have reasonably influenced the jury.

*Affirmed.*