PRINE *v.* STATE.

(Division A.  Nov. 10, 1930.)

[130 So. 687.  No. 28808.]

**J. P. & A. K. Edwards**, of Mendenhall, for appellant.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

In the lower court appellant was charged with having in his possession intoxicating liquor, and on conviction thereof sentence therefor was imposed by the lower court, and he appeals here.

In virtue of an affidavit made and search warrant issued, officers of the law searched the premises of the appellant and found a jug which contained about a quart of a mixture, which they said tasted like wine and Jamaica ginger. There was evidence that this mixture was two-thirds homemade muscadine wine and one-third Jamaica ginger. Two witnesses said that it tasted like wine and Jamaica ginger, and, in their opinion, it was intoxicating. In addition to the jug mentioned, the officers found twenty-six empty ginger containers, the carton of which was addressed to the appellant. It was shown that the ginger preparation had content of more than eighty per cent alcohol, and that good whisky had a content of about forty-one per cent alcohol. Upon the witness stand the appellant admitted that he had each and every article which the officers testified were found by them on their search.

The appellant testified that he ordered the Jamaica ginger from a firm in New York, and that he made the wine from muscadines and mixed it in a jug to use for cramps, colds, stomach trouble, etc. The appellant asked for a peremptory instruction, also asked for an instruction to the effect that he had a right to have in his possession Jamaica ginger, and separately he asked that the jury be instructed that he had a right to have possession of homemade wine. These instructions were refused by the court.

First, it is insisted that the court erred in permitting the state to offer in evidence the twenty-six empty containers. We see no objection to that. The containers were found along with the mixture of wine and Jamaica ginger in the same search on the same occasion. This is

not the case of offering evidence of another search on another occasion where the charge was possession of intoxicating liquors, so we do not think the rule announced in Washington v. City of Jackson, 112 Miss. 171, 72 So. 893, and Lowe v. State, 127 Miss. 340, 90 So. 78, can be invoked here. This is evidence found on the same search and is directly connected with the crime charged.

Second, the appellant himself admitted the possession of each and all the articles testified about by the officers as a result of the search warrant; therefore, it is immaterial whether the search warrant was valid or void. See Blowe v. State, 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429; State v. Watson, 133 Miss. 796, 98 So. 241; Hollis v. State, 149 Miss. 508, 115 So. 593; Bowman v. State, 152 Miss. 195, 119 So. 176.

Third, as to the instructions to the effect that the appellant had a right to possess Jamaica ginger and likewise had a right to possess homemade wine, we can only say that as an abstract proposition the instructions were correct, but were not applicable to the facts of this case for the reason that appellant had in his possession a mixture composed of Jamaica ginger and wine. When the appellant mixed the two and thereby caused the wine to contain more than eighty per cent of alcohol, it then became a question for the jury as to whether or not it was intoxicating. His defense that he was taking it as a medicine could not avail. The jury were well warranted in believing, when he said he took a half cupful for a dose, that he made the mixture in order to have a pleasant beverage, and by the blending secured for himself a concoction stronger in alcoholic content than good whisky, according to the testimony in this case. The record does not show how often he took his dose of half a teacupful, nor the kind of cups he used in his home. It was a question for the jury as to whether or not the concoction was intoxicating, and there was ample testimony that it was intoxicating to warrant the jury in so finding. When appellant had succeeded in the blending

of the two elements, the finished product was thereby neither wine nor Jamaica ginger. See Holley v. State, 144 Miss. 726, 111 So. 139; and Stepp v. State, 132 Miss. 132, 95 So. 838, 839. One may have meal, water, sugar, and own them separately and not violate the law, but when he blends these constituents in order to make another concoction which ordinarily is intoxicating, he then may become guilty of having in possession intoxicating liquors.

There is no reversible error in this record.

Affirmed.