MITCHELL *v.* STATE.

(Division B.   Oct. 8, 1934.)

[156 So. 654.   No. 31391.]

O. W. Catchings and W. F. Tucker, both of Woodville, for appellant.

6

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Argued orally by W. F. Tucker, for appellant, and by W. D. Conn, Jr., for the state.

Anderson, J., delivered opinion of the court.

Appellant was indicted and convicted in the circuit court of Wilkinson county of the murder of John Credit, and sentenced to the penitentiary for life. From that judgment he prosecutes this appeal.

The body of the crime was amply proven by competent witnesses. The question was whether appellant and his codefendant, Steve Bethel, Jr., were the criminal agents

who committed the homicide. Appellant was granted a severance and tried separately. The state introduced no eyewitness to prove appellant's criminal agency. For that purpose it introduced Wood, the sheriff of the county, and a Mr. Sessions; they testified that, while appellant and Bethel were in jail charged with the murder, Bethel, in their presence and in the presence of appellant and others, made a confession which, if true, showed beyond reasonable doubt the guilt of appellant. The sheriff and Mr. Sessions testified, however, that appellant then and there denied Bethel's confession so far as it implicated him. This testimony was admitted over appellant's objection. Appellant objected to it on the ground that it was hearsay "and Steve (Bethel) is present in the courthouse in twenty feet of the witness, able, willing and anxious to testify." The court overruled the objection, stating that the confession was admitted because it was shown to have been made within the presence of the appellant. The court was in error in admitting the confession. It was purely hearsay evidence. When denied by the appellant, it amounted to nothing more than that. Brown v. State, 78 Miss. 637, 29 So. 519, 84 Am. St. Rep. 641; Johnson v. State, 90 Miss. 317, 43 So. 435; Garner v. State, 120 Miss. 744, 83 So. 83; Stribling v. State, 124 Miss. 141, 86 So. 897; 1 R. C. L., sec. 15, pp. 478-481.

The Attorney-General concedes that the evidence should have been excluded if properly objected to, but contends that, appellant's objection having been made upon the specific ground that it was the duty of the state to put Bethel on the witness stand, he was shut off from taking advantage of what the state contends was the only ground of objection; namely, that the testimony was hearsay. The evidence was inadmissible on both grounds. It was the duty of the court to rule out the evidence on the specific objection made by the appellant. It was the

common-law rule that it was the duty of the state to call at least some, if not all, of the eyewitnesses to the alleged crime. This rule has been modified to some extent but not wholly abrogated. The state is not released from this duty unless the res gestae has been established by an eyewitness or eyewitnesses. It was the duty of the district attorney to ascertain from Bethel what his testimony, would be, and, if it tended to prove appellant's guilt, then put him upon the witness stand. On the other hand, if he ascertained that Bethel's testimony did not tend to show appellant's guilt, it was his duty to nol. pros. the case, because there was no evidence left tending to sustain it. Patty v. State, 126 Miss. 94, 88 So. 498; Hale v. State, 72 Miss. 140, 16 So. 387; Morrow v. State, 57 Miss. 836; Judicial Discretion of Trial Courts (Bowers), sec. 406, p. 410.

Reversed and remanded.