ROSEBUD ALCORN RECTOR v. SHIPPEY OUTZEN ET AL.

[46 South. 408.]

TRESPASS. *Cutting trees. Statutory penalty. Code* 1906, § 4977.

In a suit for the statutory penalty for cutting trees (Code 1906, § 4977), where the evidence of the cutting and that in excuse of it has been introduced, an instruction for defendant announcing that the burden of proof was on the plaintiff to show that defendant cut trees on plaintiff's land, wilfully or with culpable negligence in failing to ascertain the boundaries of the respective tracts, does not contradict a plaintiff's instruction to the effect that the burden of proof was on the defendant to show that he cut the trees by mistake, while in the observance of reasonable care to prevent a trespass; since in such case plaintiff must show by a preponderance of the whole evidence that the cutting was done without proper precaution.

FROM the circuit court of, first district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Mrs. Rector, appellant, was plaintiff in the court below; Outzen and others, co-partners, appellees, were defendants there. From a judgment in defendants' favor plaintiff appealed to the supreme court.

Defendants, under contract with the board of levee commissioners to construct certain levees on or near the east bank of the Mississippi river to prevent overflow, had employed one Jones to deliver a large quantity of cross-ties to them. They had given permission to Jones to cut timber from the levee board's right of way, and had pointed it out to Jones. Jones, in getting out cross-ties for defendants, cut a goodly number of cypress and ash trees from the adjoining lands of plaintiff. Jones claimed, and on the trial testified, that he cut on plaintiff's land by mistake. It was also shown that, when plaintiff complained to defendants they denied having given permission or authority to Jones to commit the trespass, and offered to pay the actual value of the trees cut. This offer was refused, and plaintiff brought suit for the statutory penalty, $15 per tree

*Maynard & Fitzgerald,* for appellant.

Plaintiff fully maintained the burden placed upon her by law, in that she proved title and possession to the land to be in her and that the trees were cut on her land without her consent within twelve months before suit brought, that the trees had been cut by authority of Fillbeck, defendant's business manager. The only question, therefore, that could come before the court, would be as to whether or not defendants exercised the proper caution to avoid a trespass upon plaintiff's land.

In *Mhoon v. Greenfield,* 52 Miss. 438, it is stated "The common law exacted pecuniary redress for trespass upon property whether committed through inadvertence or not, or whether actuated by bad motives or not, as, if a man cuts a tree upon his neighbor's land believing it was his own."

"To withdraw the tortious act from the operation of the statute it must appear to have been done by mistake or inadvertence. If it is characterized by gross carelessness or negligence in omitting reasonable pains to ascertain the boundaries of the lands * * * the statute applies." *Ibid.*

In *Keirn v. Warfield,* 60 Miss. 807, the court says: "The true view of the law on this subject is this: The letter of the statute gives the penalty upon the proof of *any* cutting on the land of another. The courts modified its rigor by holding that the defendant may defeat a recovery by showing that it occured through accident, inadvertence and mistake; *provided* reasonable care or caution were taken to avoid a mistake. The burden, therefore, of showing both the unintentional mistake and the exercise of reasonable care to avoid it is on the defendant. What will amount to proper care must necessarily depend upon the facts in the case."

*O. G. Johnston,* for appellees.

As to all conflicts of evidence, the verdict of the jury is conclusive and their finding will not be molested. After a careful perusal of all the instructions given, the court will find that there are no conflicts; both appellant and appellees received a

full and fair statement of the law governing the case. The verdict was manifestly correct, the one which should have been rendered under the evidence and it should stand. *Mhoon v. Greenfield,* 52 Miss. 434; *Keirn v. Warfield,* 60 Miss. 808; *Therrell v. Ellis,* 83 Miss. 494, 35 South. 826; *McCleary v. Anthony,* 54 Miss. 708; *New Orleans R. Co. v. Reese,* 61 Miss. 581; *Fairchild v. New Orleans, etc., R. Co.,* 60 Miss. 931; *Perkins v. Hackleman,* 26 Miss. 41.

Calhoon, J., delivered the opinion of the court.

This was an action for the recovery of the statutory penalty for cutting trees. The jury had the facts and found for the defendants. In order to secure a reversal it must be shown that there was error and that the error was prejudicial. The only matter, we think, requiring any attention from us, is the suggestion that by the scope of the instructions for the defendants it appeared that the burden of proof was on the plaintiff throughout to show first the cutting on plaintiff's land, and then to show also that it was done wilfully or with culpable negligence in not ascertaining the boundaries of the owner's property. It will be noted that the second instruction, asked by the plaintiff and given, distinctly states that "the burden of proof is upon the defendants, Outzen and others, to show that the trees were cut by mistake and with the observance of reasonable care upon their part to prevent a trespass." The instructions for the defendants cannot properly be said to be in conflict with this. The opinion in *Therrell v. Ellis,* 83 Miss. 494, 35 South. 826, is not subject to criticism in view of the record in that case. There, it must be observed, as here, all the evidence was in on both sides, both the evidence of the cutting and the evidence in excuse of it. That being the condition of things, it was of course, the office of the plaintiff, assuming the affirmative, to show by a preponderance of the whole evidence that the cutting was done without the proper precaution. No instruction for the defendants in the case before us goes beyond that boundary.

*Affirmed.*