HATTEN *v.* STATE.*

(Division A. April 23, 1928.)

[116 So. 813. No. 27099.]

442

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 287, n. 47; p. 368, n. 5; Possession of, with attempt to sell note as presumption of forgery, see 12 R. C. L. 164; 7 R. C. L. Supp. 379.

*G. W. Hosey*, for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Smith, C. J. The appellant was tried and convicted on an indictment containing two counts, the first charging him with forgery, and the second with uttering a forged instrument. The forgery alleged consisted in the unauthorized writing on the back of a bank check of the name of the payee therein and of another. An objection here raised to the indictment is so wholly without merit that it will not be specifically set forth.

The appellant was not represented by counsel in the court below.

At the close of the evidence the court directed the state to elect on which count it would ask for a conviction. The record does not disclose that any formal election between the counts was thereafter made by the state, but the only instruction requested by it is as follows:

"The court instructs the jury, for the state, that if you believe from the evidence in the case beyond a reasonable doubt that the defendant, Joe Hatten, did falsely, fraudulently, and feloniously utter and publish said check in question, as charged in the second count of the indictment, then it is your sworn duty to convict the defendant as charged in the second count of the indictment."

The evidence discloses that the appellant was a porter for a hotel in Laurel run by one Smith; that one of his duties was to go to the post office daily and bring therefrom mail for the hotel and its guests. He was frequently sent by Smith to the First National Bank of Laurel to cash checks payable to guests of the hotel indorsed by the payee therein and by Smith. On June 7, 1927, he entered the bank, stopped for a few moments at a writing desk, wrote something, and immediately thereafter presented to the teller of the bank a check on the First National Bank, Memphis, Tenn., payable to G. H. Terry, for eighty-one dollars and thirty-eight cents, signed by A. S. Douglas, district manager, with Terry's name and that of Smith indorsed on the back thereof. The money called for by the check was paid to the appellant, and it does not appear what disposition he thereafter made of it. Terry testified that the check was one to him from his employer; that he had not received it, had not indorsed it, had not authorized any one to indorse it for him, and had not received the money called for thereby. How the check left the hands of the drawer or how the appellant obtained it does not appear. Smith's name was shown to be a forgery. The forged signatures were said by a witness, who compared the two, to resemble the appellant's handwriting. The appellant introduced no evidence.

Assuming that the state should have elected on which count it would ask for a conviction, its failure so to do was not prejudicial to the appellant; for, as nothing appears to the contrary, we must presume that the verdict was in response to the only instruction granted the state, and that instruction was based on the count charging the defendant with uttering a forged instrument.

We will assume, as the appellant contends, that the instruction is incomplete on its face in that it does not advise the jury that the appellant must have uttered the check "with intent to defraud" in order to be guilty; and,

as held in *Upton* v. *State,* 143 Miss. 1, 108 So. 287, this error was not cured by the reference in the instruction to the second count in the indictment. Nevertheless, the judgment of the court below must be affirmed.

An error that justifies a reversal is such only as affirmatively appears from the record to have resulted in substantial prejudice to the appellant. Rule 11 of this court, as construed in *Jones* v. *State,* 104 Miss. 871, 61 So. 979, L. R. A. 1918B, 388. Not only does such prejudice not here appear, but, on the contrary, the verdict is manifestly correct.

The possession by the appellant of the forged check and the collection by him of the money called therefor raises a presumption that he knew of the forgery, and intended by the collection of the money to defraud (26 C. J. 961), which presumption is not weakened by anything that appears from the evidence. And, moreover, without this presumption it is hardly probable that the jury would, in any event, have rendered any verdict other than one of guilty.

*Affirmed.*