NORRIS *v.* STATE.

(Division A. May 13, 1929. Suggestion of Error Overruled June 10, 1929.)

[122 So. 391. No. 27859.]

*H. F. Case,* of Quitman, and *Chas. B. Cameron,* of Meridian, for appellant.

*Broom & Gober,* of Jackson, for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state, appellee.

SMITH, C. J., delivered the opinion of the court.

The indictment on which the appellant was tried contained two counts, one charging him with manufacturing intoxicating liquor and the other with being in possession of a still. The jury returned a general verdict of guilty as charged, and the judgment of the court recites that it is thereupon considered by the court and so ordered that for such "offense of manufacturing liquor, the defendant, Elam Norris, be and he is hereby sentenced to serve a sentence of two and one-half years in the state penitentiary."

The court below overruled a request by the appellant that the state be made to elect on which count of the indictment it would ask for a verdict. It will not be necessary for us to determine whether or not this ruling was correct (*Buford* v. *State*, 146 Miss. 66, 111 So. 850), for, if erroneous, the appellant was not prejudiced thereby.

The instructions both for the state and defendant were pointed solely at the count for manufacturing liquor, and therefore the verdict of the jury must be held to have been in response thereto, and not to embrace the other count in the indictment. *Hatten* v. *State,* 150 Miss. 441, 116 So. 813.

After proving that the appellant was seen at a still manufacturing intoxicating liquor therewith, the state proved, over the appellant's objection, that the appellant had been seen at the still on three other occasions. The appellant denied being at the still at the time he is charged with having manufactured the liquor, and attempted to prove an alibi. The ground of the objection to this evidence is that it tends to prove, and we will assume, solely for the purpose of the argument, that it does tend to prove, the commission of other offenses by the appellant. The commission by some one of the crime with which the appellant is here charged was proven, but the identity of the person who committed it was in dispute. The evidence that the appellant was seen at the still on other occasions tended to corroborate the evidence that he was there and manufactured the liquor on the occasion here in question, and the rule is that "where the commission of a crime is proved" and the identity of the person who committed it is in dispute, "evidence to identify accused as the person who committed it is not to be excluded solely because it proves or tends to prove that he was guilty of another and independent crime." 16 C. J. 589. This rule was recognized in *King* v. *State,* 66 Miss. 502, 6 So. 188; *Dabney* v. *State,* 82 Miss. 252, 33 So. 973; *Collier* v. *State,* 106 Miss. 613, 64 So. 373; *Hurd* v. *State,* 137 Miss. 178, 102 So. 293. *Parkinson* v. *State,* 145 Miss. 237, 110 So. 513, is not in conflict herewith. In that case the evidence disclosed that whisky was being manufactured by one Roberts on a particular occasion. Over the objection of the defendant, Roberts was permitted to testify "to

the operation of the still on several occasions'' without in any way connecting the defendant therewith. Another witness was permitted to testify that ''he had been to the still in company with the defendant,'' and that they drank liquor there. The identity of the person, Roberts, who committed the crime for which the defendant was being tried, was not in dispute, and the evidence admitted over the defendant's objection in no way tended to connect him therewith.

It may be that the appellant's presence at the still on other occasions was not competent when offered, but any error, if any, committed in admitting it, was cured when defendant's evidence of an alibi came in. There is no merit in the other assignments of error.

*Affirmed.*