BROWN *v.* ADDINGTON

No. 40791          May 5, 1958          102 So. 2d 365

*Kellner & Kellner,* Greenville, for appellant.

438

*J. Robertshaw,* Greenville, for appellee.

Gɪʟʟᴇsᴘɪᴇ, J.

Appellee, plaintiff below, brought suit against appellant, John A. Brown, Jr., defendant below, and the estate of C. L. Mann, for personal injuries sustained by appellee in an automobile collision between an automobile driven by Mann, in which appellee was a passenger, and one driven by Brown. Appellee settled with the estate of Mann for $20,000, and executed a covenant not to sue the Mann estate. The case proceeded to trial against appellant Brown, resulting in a judgment for $10,000, from which Brown appeals.

The following facts are without dispute, or were so clearly established by the evidence that there is no substantial evidence to the contrary: The collision resulting in appellee's injuries occurred at night on Highway 82 about five miles east of Greenville, Mississippi, at the east driveway to Mink's Supper Club. Highway 82 is paved, straight, level, and has four traffic lanes, two for eastbound traffic, and two for westbound traffic. Mink's Supper Club is situated on the north side of Highway 82 about five miles east of Greenville. There are two gravel driveways, about 180 feet apart, leading north from Highway 82 to Mink's Supper Club. Mann, driving a 1955 model Ford automobile, was going east on the northermost of the two eastbound lanes of said highway with the intention of going to Mink's Supper Club. He slowed down from about 45 miles per hour to a slow speed and turned to his left across the north half of the highway in order to enter the east driveway. When the Mann automobile was across the northermost of the westbound traffic lanes it was struck about the center by appellant Brown's 1954 Mercury. Appellant was traveling from Leland to Greenville using the northermost lane of Highway 82, which was the righthand lane of the two westbound traffic lanes. Appellant's automobile never changed speed or direction before the collision. Appellant's vehicle struck Mann's with such force and speed that it literally went through the Mann automobile so

that Mann's Ford was cut in two parts, leaving them connected only by the frame and metal floor. Appellant's Mercury made tire marks on the steel floor of the Ford as it went through. Appellant's Mercury was hurled into the air and either went through the air without touching the ground, or bounced, a distance of 180 feet, landing upside down and on fire. Mann, appellee, and appellant all had consumed some liquor prior to the accident. Appellant admitted that he and his girl friend had consumed nearly a pint between about eight o'clock and the time of the accident, about eleven-thirty o'clock. Appellee was gravely, permanently, and painfully injured, but we need not detail his injuries since no question is presented as to the amount of damages.

In behalf of appellee, the evidence as to the speed of appellant's Mercury was from 80 to 100 miles an hour. A highway patrolman testified without objection that he had never in all of his experience seen an automobile struck with as much force. He was testifying from his observation of the physical facts. Appellant testified that he was not looking at his speedometer, but to the best of his knowledge he was not exceeding the speed limit of sixty miles per hour, but he admitted giving a previous false statement, and that he had given a previous statement in which he stated that he did not know how fast he was going but that he usually stayed within the speed limits. The proof was overwhelming that the left blinker light was burning on the Mann automobile for some distance before that vehicle made its left turn, but appellant disputed this. There is dispute as to how far appellant's automobile was from the east driveway when Mann started to turn left. Appellee testified that it was so far east at that time that it did not seem dangerous, while appellant testified that the Mann automobile turned right in front of him. Appellant admitted that he had given a previous statement in which he stated that he did not know how far the Mann vehicle was in front of the Mercury when Mann made his left turn.

██ ██ Appellant contends that he was entitled to a directed verdict. He argues that even if appellant was guilty of negligence, that negligence was insulated by the negligent act of Mann in turning left into the path of appellant's vehicle; that the negligence of Mann was an independent, efficient, intervening cause of the collision. Appellant cites and relies on various cases from this jurisdiction. This contention is untenable because it cannot be said that Mann's negligence superseded appellant's prior wrong as the proximate cause of the injuries to appellee, by breaking the sequence between appellant's negligence and the injury. Appellant's negligence and that of Mann were not successive and unrelated in their operation; they were concurring proximate causes. Appellant's negligence was active and continuing to the moment of the collision. It was not remote in the chain of causation.

██ ██ Appellant next complains of certain instructions granted appellee. This is the most serious question presented by the appeal. The main contention is that the court erred in granting appellee an instruction with reference to whether the driver of an automobile has the right to assume that all other persons are obeying the traffic laws. The instruction granted appellee was error and it was also in conflict with one granted appellant. Both parties got stronger instructions on this question than the law and evidence justified. Appellant was granted a number of instructions thoroughly presenting his theories.

We have given careful consideration to the error committed in granting appellee's instruction No. 2 referred to above in view of Rule 11, Revised Rules of the Supreme Court, as follows:

"No reversal for Harmless Error. No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, un-

less it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.''

Taking into consideration the whole record, it does not affirmatively appear that the judgment of the lower court resulted in a miscarriage of justice. It is our considered opinion that any jury honestly searching for the truth would reach the conclusion that appellant was guilty of negligence. The undisputed physical facts are sufficient to show that appellant was operating his automobile at such a dangerous rate of speed that it was not possible for him to have had it under reasonable control. The error in the instruction was harmless. Jones v. State, 104 Miss. 871, 61 So. 979; Cecil Lumber Company v. McLeod, 122 Miss. 767, 85 So. 78; Producers Gin Assn. v. Beck, 215 Miss. 263, 60 So. 2d 642; Miss. State Highway Department v. Meador, 184 Miss. 381, 185 So. 816; Comings v. State, 163 Miss. 442, 142 So. 19; Hatten v. State, 150 Miss. 441, 116 So. 813.

This Court has applied Rule 11 in the cases cited above and a number of others. Error alone is not sufficient to justify reversal; there must be prejudice. The situations where it is proper to apply Rule 11 fall into two general categories: (1) Where the error is so slight that it can safely be said that it could not have misled the jury or prejudiced the complaining party, even when the evidence is in substantial conflict, and (2) where the error is substantial but the evidence is such that from the whole record it appears that no impartial jury, duly mindful of the obligations of their oaths, could reach a different result. This case falls in the second category.

We recognize that this Court should apply Rule 11 with the utmost caution. If we could find from the whole record any reasonable basis for a jury to exonerate appellant of negligence proximately contributing to appellee's injuries, we would reverse the case.

From what has been said, it necessarily follows that there is no merit in the contention that the verdict is against the overwhelming weight of the evidence.

The motion of appellee to dismiss the appeal is overruled.

Motion to dismiss appeal overruled; affirmed on merits.

*Roberds P. J,,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.