INZER, Justice:
Appellant Jessie J. Sowell, Jr. brought suit in the Circuit Court of Webster County against Meridian Mattress Factory, Inc., Fredrick O. Mason, and John A. Savage, Jr. seeking to recover damages for personal injuries resulting from a collision between an automobile driven by him and an automobile driven by John A. Savage, Jr. The declaration alleged that appellant was proceeding west on U. S. Highway 82 near Eupora and at the same time and place Fredrick O. Mason was operating a tractor-trailer unit for Meridian Mattress Factory, Inc. traveling east on said highway. John A. Savage, Jr. was also proceeding east following the truck driven by Mason. It was charged that the tractor-trailer suddenly and without warning veered to the right, began sliding and ran off the south portion of the highway. It was also charged that Savage turned his vehicle to the left in appellant’s lane and collided with appellant’s vehicle. The declaration charged that the collision resulted from the combined negligence of Savage and Mason. It was charged that Mason was guilty of negligence in operating his vehicle in a dangerous, reckless, and carelessly negligent manner in that he failed to keep a proper lookout for others using the highway, failed to keep his vehicle under control, and was proceeding at an excessive and unlawful rate of speed under the circumstances then and there existing. It *191 was charged that Savage was guilty of negligence in that he failed to have his vehicle under control, failed to apply his brakes, violated Section 8185, Mississippi Code 1942 Annotated (1956), in that he attempted to pass a vehicle to his left at a time when the roadway in front of him was not clear and unobstructed, and that he violated Section 8181, Mississippi Code 1942 Annotated (1956), by failing to keep his vehicle on the right half of the paved portion of the highway.
Savage answered and denied that he was guilty of any negligence which caused or contributed to the collision which resulted in appellant’s injury. Mason and Meridian Mattress Factory, Inc. filed a separate answer in which they denied that Mason was guilty of any negligence which caused or contributed to the accident. They affirmatively charged that the sole, proximate cause of the accident and resulting injuries was the negligence of Savage. Prior to trial, appellant and Savage entered into an agreement whereby Savage paid appellant $10,000 for a covenant not to sue him, and the suit was dismissed as to him. Appellant then took a non-suit as to Mason, the driver of the truck, and proceeded to trial against Meridian Mattress Factory, Inc.
The facts in this case disclose that on September 3, 1968, appellant was traveling west on Highway 82 at about 50 miles per hour. It was a rainy day and the highway was wet. As he approached Davis’ Store located on the north side of the highway he met a line of traffic proceeding east. In this line of traffic was a pulpwood truck followed by an automobile. Some distance behind these vehicles was appel-lee’s truck followed by the car driven by Savage. The pulpwood truck slowed down or stopped to make a left turn into the driveway leading to the store. Appellee’s truck driver testified that as he approached these vehicles, a car which he was meeting suddenly turned left into his lane of traffic and he turned his vehicle to the right and gradually left the highway on the south side. His truck never got into appellant’s lane of traffic and was not involved in the actual collision. Savage testified that he was following the truck and did not see appellant’s vehicle approaching from the opposite direction. The truck suddenly jackknifed in the road, and in order to avoid striking the truck, he turned his vehicle to the left into the lane of traffic in which appellant was traveling, resulting in the collision. Appellant testified that as he met the truck, it suddenly veered off the road to the right. Immediately thereafter a car came from behind the truck, like “a red streak” into his lane of traffic. His car was knocked backwards, and he was thrown from the car. He suffered severe injuries as a result of the collision.
The jury returned a verdict for the ap-pellee and a judgment was entered dismissing the suit; hence this appeal.
Appellant assigns as error eleven grounds for reversal of this case, nine of which deal with instructions granted at the request of the appellee. We. have carefully considered the complaints relative to the instructions, and find that although there are some technical errors in the instructions and one instruction should not have been granted, it does not appear from the whole record that the judgment of the trial court resulted in a miscarriage of justice, and, therefore, Rule 11, Mississippi Supreme Court Rules, is applicable. This rule provides:
No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.
Appellant also contends that the trial court was in error in overruling his motion for a new trial gnd the verdict of *192 the jury was against the overwhelming weight of the evidence. We find no merit in these contentions. Considering the evidence in the light most favorable to appellant, it was at the most a jury issue as to whether appellee’s truck driver was guilty of any negligence that caused or contributed to the accident. The evidence was such that the jury could have found that either the negligence of Savage was the sole proximate cause of appellant’s injury, or that the $10,000 paid by Savage fully compensated appellant for the injuries received.
For the reasons stated, this case must be and is affirmed.
Affirmed.
GILLESPIE, C. J., RODGERS, P. J., and JONES, and ROBERTS ON, JJ., concur.