LESLIE B. GRANT,
Commissioner, for the Court:[1]
The declaration, filed in the Circuit Court of Neshoba County, State of Mississippi, on July, 18, 1973, alleges that on or about August 30, 1970, the plaintiff was riding as a guest passenger in an automobile being driven by the defendant in a westerly direction on Highway No. 82 in Carroll County, Mississippi, at or near the intersection of said highway with Highway No. 17, where a collision with another car, which was also traveling on Highway 82, but going in an easterly direction, occurred. The declaration alleges that the accident was the result of the negligence of the defendant including the allegation that the defendant was driving at an excessive rate of speed; that the plaintiff was injured; and she sues the defendant for damages.
The answer of the defendant, filed September 17, 1973, denies negligence and alleges affirmatively that an oncoming pickup truck being driven in an easterly direction on Highway 82 by Travis Mitchell crossed over into the defendant’s lane causing the head-on collision. The defendant further alleged that the plaintiff had settled her claim against Mitchell.
The plaintiff’s answer to the affirmative defense, filed October 23, 1973, denies that the negligence, if any, of Mitchell was the sole proximate cause of the accident and denies that any payments made by Mitchell satisfied her claim against Bivin.
At the trial, the testimony of the plaintiff, Mrs. McLemore, was sufficient-, at least as to speed, to make out a case for the consideration of the jury. The plaintiff admitted having received five thousand dollars ($5,000.00) from Mitchell. It was not shown that this settlement was to be a full satisfaction of her claims for injuries against all parties. The plaintiff also testified that the defendant is her son-in-law.
*116 The defendant testified that the accident happened on August 29, 1970 while he was driving the plaintiff from Edinburg to Greenwood. He was knocked unconscious in the wreck and could not remember much of the details surrounding the accident.
Mr. Travis Mitchell, the driver of the eastbound truck, in his testimony, took the entire blame for the accident. He testified that he had driven through a lot of water, that his brakes would not hold, that he lost control of his truck, hit the curb on the south side, and then crossed over into Bivin’s lane where the impact occurred.
The case was submitted to the jury resulting in a verdict and judgment for the defendant. As set out by the appellant in her first assignment, it was error to permit Bivin to testify as to the speedometer reading noticed by him a week after the accident. 32 C.J.S. Evidence § 570, at page 660.
As set out in appellant’s second assignment, it was error to allow the Highway Patrolman, Wayne Miller, to testify, when he did not see the accident, that as the Mitchell truck “struck the curb, it veered back into the west bound lane and hit the Bevin car”. Lynch v. Suthoff, 220 So.2d 593 (Miss.1969).
There is no merit in appellant’s third assignment contending that appellant was entitled to a directed verdict. Instruction No. 9, which the appellant contends in the fourth assignment of error should have been given, was properly refused as being argumentative. This is the “guest not at fault” instruction. See, Walker v. Ferris, 241 Miss. 63, 128 So.2d 865 (1961).
There is no merit in the appellant’s remaining assignments of error.
We do not consider the two errors listed above sufficient to reverse this case as it appears to us from the whole record that justice was done. The case was fairly and impartially tried. The errors are so slight that it can safely be said that the errors could not have misled the jury or prejudiced the appellant, and, even if the errors are considered substantial, the evidence as a whole is such that no impartial jury could reach a different result. See, Sowell v. Meridian Mattress Factory, Inc., 263 So.2d 190 (Miss.1972); Rule Eleven of Supreme Court; and Brown v. Addington, 233 Miss. 435, 102 So.2d 365 (1958).
We therefore affirm the judgment appealed from in this case.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
LEE, J., took no part.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.