391 So.2d 637 (1980)
Gary HUTCHINSON
v.
STATE of Mississippi.
No. 52214.
Supreme Court of Mississippi.
December 3, 1980.
Rehearing Denied January 14, 1981.
*638 Roy Pitts, Meridian, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and SUGG and LEE, JJ.
LEE, Justice, for the Court:
Gary Hutchinson was convicted in the Circuit Court of Wayne County, Honorable Henry Palmer, presiding, for the sale of marijuana and was sentenced to nine (9) years in the Mississippi Department of Corrections. He has appealed from the sentence and judgment and assigns four (4) errors in the trial below.

I.
The appellant assigns as error that the trial court erred in admitting testimony of a crime other than that charged in the indictment.
The evidence indicates that on February 23, 1979, Officer Randy Johnson went to appellant's trailer home in Waynesboro, accompanied by Ernest Byrd, for the purpose of purchasing marijuana from appellant. Officer Johnson and Captain Taylor, both narcotics investigators from Hattiesburg, had come to Waynesboro to assist police there in investigating the drug traffic. Johnson and Byrd were searched, along with the automobile, before they went to appellant's trailer in order to verify that they had no marijuana on their persons or in the vehicle.
Johnson testified that he and Byrd entered appellant's trailer about 9:00 p.m., that Johnson purchased marijuana from appellant for the sum of ten dollars ($10.00), that appellant told him he, appellant, was going to Laurel that night and would obtain more marijuana and would sell same to Johnson. The marijuana was delivered to police headquarters and shortly after midnight, Johnson and Byrd returned to appellant's trailer in order to buy the additional marijuana. Appellant was not there and Johnson and Byrd played cards with appellant's sister and brother-in-law until appellant came in, after a short while. According to Johnson, appellant sold him 14.4 grams for sixty dollars ($60.00).
Appellant was indicted for sale of the 14.4 grams of marijuana and he now argues that he was prejudiced by the State showing the first alleged sale a few hours prior thereto.
Without deciding whether the two alleged offenses were so closely related in point of time that the first alleged sale was *639 admissible, it is clear from the record that no objection was made to such testimony. Therefore, the trial court cannot be put in error for not excluding such testimony on its own motion. Diddlemeyer v. State, 234 So.2d 292 (Miss. 1970); Harris v. State, 226 So.2d 760 (Miss. 1969).

II.
Appellant next contends that trial defense counsel was ineffective in failing to object to inadmissible evidence and that the trial court should have granted a new trial for that reason.
Appellant was represented by two prominent and experienced attorneys in the City of Waynesboro. In order to determine whether an accused has effective counsel, an appellate court looks to the entire record. The attorneys representing appellant at trial were obtained and employed by him. In Stewart v. State, 229 So.2d 53 (Miss. 1969), quoting from the Fifth Circuit in MacKenna v. Ellis, 280 F.2d 592 (5th Cir.1960), in defining "effective counsel," the Court said:
"`We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. We consider undivided loyalty of appointed counsel to client as essential to due process.'" (Emphasis added) 229 So.2d at 56.
and from Brubaker v. Dickson, 310 F.2d 30 (9th Cir.1962):
"`The test to be applied in determining the legal adequacy of the allegations of appellant's petition is readily stated: "The requirement of the Fourteenth Amendment is for a fair trial"; the due process clause "prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right." Compliance with this standard required that appellant, charged with a capital offense, be represented at trial by counsel.
"`But the constitutional requirement of representation at trial is one of substance, not of form. It could not be satisfied by a pro forma or token appearance. Appellant was entitled to effective aid in the preparation and trial of the case.' ..." 229 So.2d at 56.
We cannot speculate as to the trial strategy of those attorneys. The record indicates that, although the appellant denied he had ever sold marijuana, he sought to impress the jury that he was entrapped by the confidential informant Byrd. The trial attorneys may have relied on general feeling in the community that Byrd would be blamed and the appellant would be discharged. It is significant that one of the trial attorneys testified on the motion for new trial presented by appellate counsel, and that no question was asked him concerning the conduct of the trial, or why objections were not made, as argued by the appellant. We are of the opinion that this contention is not supported by the record and there is no merit in it.

III.
Appellant contends thirdly that the trial court erred in granting the State Jury Instruction S-1 for the reason that it comments on the weight of the evidence and on appellant's guilt.
The instruction complained of follows:
"The Defendant, Gary Hutchinson, has been charged by indictment with the crime of sale of marijuana for having knowingly and willfully sold marijuana, a controlled substance, for money.
If you find from the evidence in this case beyond a reasonable doubt that the Defendant, Gary Hutchinson, in Wayne County, Mississippi, on the 24th day of February, 1979, knowingly and willfully sold marijuana in the amount of 14.4 grams to Randy Johnson for money; and, that the Defendant, Gary Hutchinson, received $60.00 in good and lawful currency of the United States for said 14.4 grams of marijuana, then you shall find the Defendant guilty of sale of marijuana.

*640 If you find from the evidence in this case beyond a reasonable doubt that the Defendant is guilty, then the form of your verdict may be as follows: `We, the jury, find the Defendant guilty as charged.'
Write your verdict on a separate sheet of paper."
The objection made to the instruction at trial was that it combined the verdict-the form of verdict-with the instruction and tended to be confusing and was almost a peremptory instruction on guilt. The appellant, on appeal, claims that the instruction affirmatively states the guilt of the defendant to the charge against him and constitutes reversible error.
The State argues that the objection on appeal does not conform to that made at trial and under Wall v. State, 379 So.2d 529 (Miss. 1980) and Miss.Sup.Ct. Rule 42, this Court should not consider the argument.
Although the instruction was not artfully drawn, and the first paragraph was not necessary, we do not agree with the argument of appellant that it peremptorily told the jury he sold marijuana. The second paragraph of the instruction correctly presented the guilt issue to the jury, and, when all the instructions are read as a whole, we conclude that the jury could not have been confused and was properly instructed on the issues. Briscoe v. Jones, 233 So.2d 125 (Miss. 1970); Brown v. Addington, 233 Miss. 435, 102 So.2d 365 (1968).

IV.
Lastly, appellant contends that the trial court erred in refusing to grant him a continuance because of the absence of Ernest Byrd.
Ernest Byrd was a confidential informant for the City of Waynesboro and, as stated, went with Officer Randy Johnson to appellant's home on February 23, 1979, and was present when Johnson purchased marijuana from appellant. There were three other persons, members of appellant's family, present at the time and they all testified in his behalf.
The case was continued on motion of appellant from the July 1979 Term until the regular September 1979 Term and was tried on October 9, 1979, at which time appellant filed a motion for continuance on the ground that Ernest Byrd was a material witness and was absent and unavailable for testimony. The affidavit filed in support of the motion, along with appellant's testimony, was to the effect that Ernest Byrd encouraged appellant to smoke marijuana and sell marijuana, which appellant refused to do, that Byrd made advances toward appellant's wife and that Byrd conspired to "frame" appellant.
After conviction, appellant obtained his present attorney, who filed a motion for new trial and placed appellant on the witness stand in support of that motion. Appellant testified that he did not know what Byrd would testify to, if present, and no details were stated as to what efforts, if any, had been made to obtain the presence of Byrd or his affidavit, after the guilty verdict. The procedure on motions for continuance is set forth in the old case of Lamar v. State, 63 Miss. 265 (1885) and has been restated many times, even as recently as Fermo v. State, 370 So.2d 930 (Miss. 1979).
The fact that appellant testified he had no knowledge what Byrd would testify to in itself requires that the motion be overruled. The motions here are not supported by the statute and the decisions of this Court and were properly overruled.
The judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.